APPEALS OF LEE S. SMITH & SON CO. AND DENTAL COMPANY OF AMERICA.

Docket Nos. 3328 and 3331.     Submitted September 14, 1925.     Decided January 16, 1926.

Three corporations, all organized by the same persons, all engaged in related businesses and operated as a single enterprise, and all the stock of which is owned by the organizers and a few of the employees, *held*, affiliated corporations under the provisions of section 240 of the Revenue Act of 1918.

104881—27——26

*S. Leo Ruslander, Esq.*, for the taxpayers.
*P. S. Crewe, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

### FINDINGS OF FACT.

1. This appeal involves the consolidation of the returns of three corporations, to wit, Lee S. Smith & Son Co., Dental Company of America, and Lee S. Smith & Son Manufacturing Co. The taxpayer Lee S. Smith & Son Co. was held affiliated with the Lee S. Smith & Son Manufacturing Co., but the taxpayer Dental Company of America has been denied such affiliation by the Commissioner.

The Lee S. Smith Son Co. was incorporated December 29, 1915, with a capitalization of $200,000, divided into 8,000 shares of the par value of $25 each, and was engaged in the business of selling dental supplies. The original incorporators were Lee S. Smith and his son, W. L. Smith, who had been operating this business as a partnership for many years. Lee S. Smith founded the business in 1866.

Lee S. Smith & Son Manufacturing Co. was incorporated in 1912 with a capitalization of $100,000, divided into 500 shares of common stock and 500 shares of preferred stock of the par value of $100 each, and was engaged in the business of manufacturing cement and other dental supplies, for which the taxpayer Lee S. Smith & Son Co. was the exclusive selling agent.

The taxpayer Dental Company of America was organized in 1917 to manufacture teeth, for which Lee S. Smith & Son Co. was also the exclusive selling agent. Its capitalization was $100,000, divided into 1,000 shares of the par value of $100 each.

2. Lee S. Smith was president of the Lee S. Smith & Son Co. and the Lee S. Smith & Son Manufacturing Co. At this time, however, he was quite an old man and left the active management of these companies in the hands of his son, W. L. Smith. W. L. Smith was vice president and general manager of the Lee S. Smith & Son Co. and the Lee S. Smith & Son Manufacturing Co., and also president and general manager of the taxpayer Dental Company of America. One Charles Petersen was treasurer and director of all three com-

panies.   Prior to January 1, 1916, the father and son owned all the stock in the Lee S. Smith & Son Co. and the Lee S. Smith & Son Manufacturing Co.   At that time they began the policy of allowing some of the employees to purchase stock to be paid for out of dividends, the stock to be returned upon their severing connections with the company, so that, in the year 1919, 18 per cent of the stock of the Lee S. Smith & Son Co. (taxpayer) was in the name of five employees, and 8 per cent of the common stock of the Lee S. Smith & Son Manufacturing Co. was in the name of four employees.   The father did not take any stock in the Dental Company of America, but left this wholly to the son, W. L. Smith, who owned all the stock, except 16 per cent, which was sold to four employees under arrangements similar to those made by the other companies.   The stock sold to employees of the Lee S. Smith & Son Co. was in accordance with written contracts, which specifically provided that it was to be paid for out of dividends and turned back if the employees left the company.   Similar agreements were made with the employees of the other companies, except that the agreements were oral. In every instance where an employee left one of these companies, the stock was turned back in accordance with the agreement.   A typical written agreement read as follows:

### MEMORANDUM OF AN AGREEMENT

MADE and entered into this Fourth day of January, 1916, between Charles Petersen, of the Borough of Wilkinsburg, County of Allegheny and State of Pennsylvania, and Lee S. Smith, of the City of Pittsburgh, County and State aforesaid;

WITNESSETH, That for the consideration hereinafter mentioned, as well as other valuable consideration thereunto moving, the said Lee S. Smith hereby agrees to transfer to the said Charles Petersen two hundred forty (240) shares of the capital stock of Lee S. Smith & Son Co., a corporation of the State of West Virginia, the said transfer to be made immediately upon the signing of this agreement, and the said Charles Petersen agrees to pay the sum of Six Thousand ($6000) Dollars for the said capital stock, being the par value thereof, in the following manner:

*By paying to the said Lee S. Smith all the dividends which shall be declared upon the said stock at the time they are paid by the Company until the dividends declared and paid thereon shall aggregate the sum of Six Thousand ($6000) Dollars*, with the full and express understanding that the said Charles Petersen *is not personally liable for the payment of any sum* whatsoever, *except the sum which shall be declared and paid from time to time as dividends on the said stock as aforesaid* until the same shall aggregate the sum of Six Thousand ($6000) Dollars and that the unpaid balance thereof shall not bear any interest.

*If the said Charles Petersen shall sever his connection with the said Lee S. Smith & Son Co., the said Lee S. Smith, his executors, administrators or assigns, may at his or their option take over the said two hundred forty (240) shares by paying to the said Petersen the book value thereof, less the amount*

*that shall be due thereon* in accordance with the above agreement as to payment and the said Charles Petersen reserves the right to pay the said Six Thousand ($6000) Dollars or such part as shall remain due and unpaid in accordance with the above agreement at any time in cash.

It is also expressly understood and agreed that the certificate or certificates issued by the said Company for the said two hundred forty (240) shares of the capital stock and all transfers representing the same or any part thereof, until this agreement has been fulfilled, shall be marked as follows on the face thereof: "This certificate is issued and is subject to that certain written agreement made and entered into between the said Charles Petersen and Lee S. Smith, dated Pittsburgh, Pa., the Fourth day of January, 1916."

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and seals at Pittsburgh, Pa., this 19th day of April, A. D. 1916. (Italics ours.)

In each instance, at the stockholders' meetings of the corporations, the stock held by the employees was voted in accordance with the desires of the Smiths.

3. The respective holdings of the stockholders in the three corporations in 1919 were as follows:

| Stockholders. | Lee S. Smith & Son. | | Lee S. Smith & Son Mfg. Co. | | | | Dental Co. | |
|---|---|---|---|---|---|---|---|---|
| | | | Common. | | Preferred. | | | |
| | Number of shares. | Per cent. | Number of shares. | Per cent. | Number of shares. | Per cent. | Number of shares. | Per cent. |
| Lee S. Smith | 3,280 | 41 | 50 | 10 | 340 | 68 | | |
| W. L. Smith | 3,280 | 41 | 410 | 82 | | | 849 | 84.9 |
| Charles Petersen [1] | 440 | 5.5 | 25 | 5 | | | 25 | 2.5 |
| C. J. Hood [1] | 400 | 5 | | | | | | |
| Clarence R. Schad [1] | 440 | 5.5 | | | | | | |
| Wm. C. Benshoff [1] | 80 | 1 | | | | | | |
| Charles E. Baker [1] | 80 | 1 | | | | | | |
| J. J. Savage [1] | | | | | | | 75 | 7.5 |
| J. J. McCann [1] | | | | | | | 50 | 5 |
| M. B. Massoe [1] | | | | | | | 1 | .1 |
| C. C. Vogt [1] | | | 5 | 1 | | | | |
| R. G. McDonald [1] | | | 5 | 1 | | | | |
| R. K. Ridgway [1] | | | 5 | 1 | | | | |
| Louise A. Smith (wife of Lee S. Smith) | | | | | 160 | 32 | | |
| | 8,000 Par $25. | 100 | 500 | 100 | 500 Par $100. | 100 | 1,000 Par $100. | 100 |

[1] Employees.

The three corporations occupied the same general offices, and the rental, telephone, and other office expenses were paid by the Lee S. Smith & Son Co. W. L. Smith was the general manager and dominating factor in all three companies. He directed the business policy and could hire and dismiss employees at will. He lent his personal credit to the three corporations to the extent of $50,000 each a year. When he organized the Dental Company of America to manufacture teeth, he caused the taxpayer, Lee S. Smith & Son Co., to drop an old-established and well-known brand of teeth in order to introduce and sell the new brand manufactured by the Dental Company of

America. The latter company made no profits, so in 1920 the said W. L. Smith bought in all the o'utstanding stock, sold the assets, and liquidated.

### DECISION.

The deficiencies in the above appeals should be computed in accordance with the following opinion. Final determination will be settled on 15 days' notice, under Rule 50.

### OPINION.

TRUSSELL: Congress, in considering the Revenue Act of 1918, recognized the fact that many corporations were closely affiliated in ownership and unity of management and control, and that the proper ascertainment of liability to income and profits taxes might necessitate the grouping of such corporations for the purpose of computing income and profits taxes. That portion of the statute relevant to these appeals is as follows:

SEC. 240. * * * (b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated * * * (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

The history of the taxpayers in the instant appeals is interesting. One Lee S. Smith, in the year 1866, established himself in business as a selling agency for dental supplies. In the course of time his son, W. L. Smith, became associated with him and then the business was conducted as a partnership until it was incorporated in 1915 as Lee S. Smith & Son Co. Prior to this date, however, and in the year 1912, the two Smiths had caused to be organized another corporation, known as the Lee S. Smith & Son Manufacturing Co., all of the stock of which was then owned by the two Smiths. This company manufactured dental supplies. Gradually, owing to advancing age, the elder Smith relaxed his personal control and influence in the business until, in 1917, the son, W. L. Smith, was the dominating factor in both corporations. In that year W. L. Smith caused to be incorporated the Dental Company of America and established said company in the business of manufacturing other dental supplies. We thus have presented the original business of Lee S. Smith & Son Co., selling agents of dental supplies, the Lee S. Smith & Son Manufacturing Co., making certain dental supplies, the Dental Company of America, making other dental supplies, and the parent company controlling and supervising the activities of all and being the exclusive selling agents of the products of the two manufacturing companies.

As shown in the findings of fact, all of the stock of all of these companies is owned by Lee S. Smith and his wife, W. L. Smith,

and several employees of the different companies. This Board has held in the *Appeals of Hagerstown Shoe & Legging Co.*, 1 B. T A. 666, and *Schloss Brothers Co.*, 1 B. T. A. 581, that the ownership of all the stock of two or more corporations by the principal stockholders and employees whose stock is controlled by them is an ownership or control of substantially all the stock by the same interests. See *Appeal of Hamilton & Chambers Co.*, 1 B. T. A. 694.

We are, therefore, of the opinion that not only are the two taxpayers named in these appeals affiliated, but that these two taxpayers, together with the Lee S. Smith & Son Manufacturing Co., should all be placed in one affiliated group and their tax liability determined upon the basis of a consolidated return.