*347 OPINION.
Tiutssell
: Congress, in considering the Revenue Act of 1918, recognized the fact that many corporations were closely affiliated in ownership and unity of management and control, and that the proper ascertainment of liability to income and profits taxes might necessitate the grouping of such corporations for the purpose of computing income and profits taxes. That portion of the statute relevant to these appeals is as follows :
Sec. 240. * * * (b) For tbe purpose of tbis section two or more domestic corporations shall be deemed to be affiliated * * * (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.
The history of the taxpayers in the instant appeals is interesting. One Lee S. Smith, in the year 1866, established himself in business as a selling agency for dental supplies. In the course of time his son, W. L. Smith, became associated with him and then the business was conducted as a partnership until it was incorporated in 1915 as Lee S. Smith & Son Co. Prior to this date, however, and in the year 1912, the two Smiths had caused to be organized another corporation, known as the Lee S. Smith & Son Manufacturing Co., all of the stock of which was then owned by the two Smiths. This Company manufactured dental supplies. Gradually, owing to advancing age, the elder Smith relaxed his personal control and influence in the business until, in 1917, the son, W. L. Smith, was the dominating factor in both corporations. In that year W. L. Smith caused to be incorporated the Dental Company of America and established said company in the business of manufacturing other dental supplies. We thus have presented the original business of Lee S. Smith & Son Co., selling agents of dental supplies, the Lee S. Smith & Son Manufacturing Co., making certain dental supplies, the Dental Company of America, making other dental supplies, and the parent company controlling and supervising the activities of all and being the exclusive selling agents of the products of the two manufacturing companies.
As shown in the findings of fact, all of the stock of all of these companies is owned by Lee S. Smith and his wife, W. L. Smith, *348 and several employees of tlie different companies. This Board has held in the Appeals of Hagerstown Shoe & Legging Co., 1 B. T A. 666, and Schloss Brothers Co., 1 B. T. A. 581, that the ownership of all the stock of two or more corporations by the principal stockholders and employees whose stock is controlled by them is an ownership or control of substantially all the stock by the same interests. See Appeal of Hamilton & Chambers Co., 1 B. T. A. 694.
We are, therefore, of the opinion that not only are the two taxpayers named in these appeals affiliated, but that these two taxpayers, together with the Lee S. Smith & Son Manufacturing Co., should all be placed in one affiliated group and their tax liability determined upon the basis of a consolidated return.